**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC<br><br>    Plaintiff,<br><br>v.<br><br>THE PRICELINE GROUP, INC. and<br>PRICELINE.COM, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. \_\_\_\_<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

For its Complaint, Plaintiff Vilox Technologies, LLC ("Vilox"), by and through the undersigned counsel, alleges as follows:

**THE PARTIES**

1. Vilox is a Texas limited liability company having a principal place of business at 101 E. Park Boulevard, Suite 600, Plano, Texas 75704.

2. Defendant The Priceline Group, Inc. ("Priceline Group") is a Delaware corporation, having a principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854. Priceline Group is registered with the Texas Secretary of State as a foreign for-profit corporation in Texas, and maintains an agent for service of process at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant Priceline.com LLC ("Priceline.com") is a Delaware limited liability company, having a principal place of business at 800 Connecticut Avenue, Norwalk, Connecticut 06854. Priceline.com is registered with the Texas Secretary of State as a foreign limited liability

1

company, and maintains an agent for service of process at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, the same agent for service of process as Priceline Group.

4. Priceline.com does business through the website www.priceline.com, and, upon information and belief, Priceline Group is the parent organization to which Priceline.com belongs. Upon information and belief, Priceline.com acts as an agent for or otherwise for the benefit of Priceline Group. Priceline Group and Priceline.com are referred to collectively herein as "Priceline" or "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. § 271, and 28 U.S.C. §§ 1331 and 1338.

6. The Court has personal jurisdiction over Priceline because, upon information and belief, Priceline conducts substantial business in the forum, directly or through intermediaries, including: (i) at least a portion of the infringing activity alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this district.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), as well as 28 U.S.C. § 1400(b). Furthermore, venue is proper based on Defendants' conducting of business within this District and/or soliciting and establishing online relationships with persons and entities within this District, including the infringing products or services alleged herein.

## **THE PATENTS-IN-SUIT**

8. On July 6, 2004, United States Patent 6,760,720 (the "'720 patent"), entitled "Search-on-the-Fly/Sort-on-the-Fly Search Engine for Searching Databases," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '720 patent is attached hereto as Exhibit A.

9. On March 6, 2007, United States Patent 7,188,100 (the "'100 patent"), entitled "Search-on-the-Fly Report Generator," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '100 patent is attached hereto as Exhibit B.

10. On November 27, 2007, United States Patent 7,302,423 (the "'423 patent"), entitled "Search-on-the-Fly with Merge Function," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '423 patent is attached hereto as Exhibit C.

11. On August 11, 2009, United States Patent 7,574,432 (the "'432 patent"), entitled "Search-on-the-Fly/Sort-on-the-Fly Search Engine," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '432 patent is attached hereto as Exhibit D.

12. The '720, '100, 423 and '432 patents are each valid and subsisting, and Vilox is the assignee and owner of all right, title and interest in and to the '720, '100, '423 and '432 patents, including the right to assert all causes of action arising under said patents and to any remedies for infringement of them.

13. Dr. Joseph DeBellis is a named inventor on each of the Patents-in-Suit, and is the sole inventor on all except the '100 patent. Over 15 years ago, Dr. DeBellis recognized a

significant limitation on the ability to search, retrieve and sort results of queries across a single database or across multiple databases. At that time, search queries tended to return very large amounts of data that could not easily be sorted and reviewed by the user. Additionally, no iterative application of search functions or filters was available to search and/or sort a single or multiple databases. Furthermore, a query for a given piece of information might, in the case of multiple databases, retrieve the information from one database, but not another, even if the information is the same in each database, because of the different ways in which the data in the databases was organized.

14. To solve these long-standing problems, Dr. DeBellis conceived a method and apparatus for conducting on-the-fly searches that provide the user with an intuitive mechanism for searching databases without having to know anything about the database structure. This conception formed the basis for several inventions, including those claimed in the '720, '100, '423 and '432 patents.

## **COUNT I – INFRINGEMENT OF U.S. PATENT 6,760,720**

15. Vilox repeats and realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Priceline has infringed and continues to infringe one or more claims of the '720 patent, including at least claim 1, by making, using, selling and/or offering for sale within this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products or services that, among other features, receive a selection of one or more databases, determine a database schema for a given database, provide a list of database fields that include a descriptor indicating a data category, receive a search selection for a database field from the list of database fields, determine a quantity of entries in the selected

database field, and determine the number of characters in each entry in the selected database field and displaying a portion of the entry that is equal to or less than a specified number of characters or in its entirety if the entry does not exceed the specified amount, including but not limited to search features of the Priceline mobile application.

17. Priceline's infringing actions are without license and authorization.

18. Priceline's unauthorized actions therefore constitute violation of Vilox's exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Priceline the damages sustained by Vilox as a result of Priceline's infringement of the '720 patent in an amount to be determined at trial, which amount shall be no less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT 7,188,100

19. Vilox repeats and realleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

20. Priceline has infringed and continues to infringe one or more claims of the '100 patent, including at least claim 1, by making, using, selling and/or offering for sale within this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products or services that, among other features, receive a database search query, search a database on-the-fly based on the query, tweak the received query to generate a defined query of the database, access a database using the defined query, generate a search result that includes descriptors of data categories, and create a template that includes links to the data categories, including but not limited to search features of Priceline's website located at [www.priceline.com](www.priceline.com).

21. Priceline's infringing actions are without license and authorization.

22. Priceline's unauthorized actions therefore constitute violation of Vilox's exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Priceline the damages sustained by Vilox as a result of Priceline's infringement of the '100 patent in an amount to be determined at trial, which amount shall be no less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT 7,302,423

23. Vilox repeats and realleges the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. Priceline has infringed and continues to infringe one or more claims of the '423 patent, including at least claim 1, by making, using, selling and/or offering for sale within this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products or services that, among other features, determine a database schema for a database, provide a list of database fields that include descriptors of data categories, receive a search selection for a database field from the list of database fields; and determine the number of characters in each entry in the selected database field and displaying a portion of the entry that is equal to or less than a specified number of characters or in its entirety if the entry does not exceed the specified amount, including but not limited to search features of the Priceline mobile application.

25. Priceline's infringing actions are without license and authorization.

26. Priceline's unauthorized actions therefore constitute violation of Vilox's exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Priceline the damages sustained by Vilox as a result of Priceline's infringement of the '423 patent in an amount to be

determined at trial, which amount shall be no less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## COUNT IV – INFRINGEMENT OF U.S. PATENT 7,574,432

27. Vilox repeats and realleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. Priceline has infringed and continues to infringe one or more claims of the '432 patent, including at least claim 1, by making, using, selling and/or offering for sale within this District and elsewhere in the United States and/or importing into this District and elsewhere in the United States, products or services that, among other features, receive a selection of one or more databases, present a menu with a list of data fields from the selected database(s), receive a selection of a data field from the menu and storing the selection as a first constraint parameter, search the database(s) based on the first constraint parameter, generate a search result based on the first constraint parameter that includes entries presented in a second menu, receive a selection of a data field from the second menu and storing the selection as a second constraint parameter, combine the first constraint parameter with the second constraint parameter and search the database(s) based on the combined first and second constraint parameters, and generate a search result based on the first and second constraint parameters that includes entries presented in a third menu on the same screen as the first and second menus, including but not limited to search features of Priceline's website located at www.priceline.com.

29. Priceline's infringing actions are without license and authorization.

30. Priceline's unauthorized actions therefore constitute violation of Vilox's exclusive rights pursuant to 35 U.S.C. § 271(a), and Vilox is entitled to recover from Priceline the damages sustained by Vilox as a result of Priceline's infringement of the '100 patent in an amount to be

determined at trial, which amount shall be no less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Vilox hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vilox requests that the Court enter judgment against Priceline as follows:

A. An adjudication that Defendants The Priceline Group, Inc. and Priceline.com, LLC have infringed the '720, '100, '423 and '432 patents.

B. An award of damages to be paid by Defendants adequate to compensate Vilox for Defendants' past infringement of the '720, '100, '423 and '432 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Vilox's reasonable attorneys' fees; and

D. An award to Vilox of such further relief at law or in equity as the Court deems just and proper.

Date:   August 25, 2015   /s/Andrew W. Spangler
Andrew W. Spangler
SPANGLER LAW P.C.
208 N. Green Street
Suite 300
Longview, Texas 75601
Phone: (903) 753-9300
Fax: (903) 553-0403
Email: spangler@spanglerlawpc.com

*Attorneys for Plaintiff*
*VILOX TECHNOLOGIES, LLC*